**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sales Force Won! Limited,<br><br>Plaintiff,<br><br>v.<br><br>Teixidor Enterprises Incorporated, Capital Core Investments LLC, Eduardo Teixidor, and Marta Teixidor,<br><br>Defendants. | No. CV-17-04730-PHX-DLR<br><br>**ORDER** |

Defendants Teixidor Enterprises Incorporated, Capital Core Investments LLC, and Eduardo and Marta Teixidor move to set aside an entry of default against them. (Doc. 23.) The issue is fully briefed. (Docs. 24, 27, 28.) Also before the Court is Plaintiff's motion for expedited consideration of the motion to set aside. (Doc. 30.) For the following reasons, Defendants' motion is denied and Plaintiff's motion is granted.

**I. Background**

On November 13, 2017, Plaintiff filed a complaint against Defendants, the Small Business Association ("SBA"), and Wells Fargo National Bank, N.A. ("Wells Fargo"), seeking to quiet title against any claim those parties might assert on certain real property that Plaintiff purchased at a sale noticed by the Maricopa County Sheriff's Office. On February 20, 2018, Plaintiff resolved its claim against the SBA. (Docs. 12, 14.) As of the date of this order, Wells Fargo has not appeared in this matter, and Plaintiff's motion

for entry of default judgment against it is currently pending. (Doc. 20.)

Defendants were served on February 12, 2018, but failed to timely answer. Accordingly, on March 6, 2018, Plaintiff filed an application for an entry of default against Defendants. (Doc. 15.) The Clerk of Court entered default against Defendants the next day. (Doc. 18.) Defendants now move to set aside that default.

## II. Legal Standard

Federal Rule of Civil Procedure 55(c) allows the Court to set aside an entry of default for good cause. When evaluating whether good causes exists, the Court considers three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the party had no meritorious defense; and (3) whether setting aside the default would prejudice the other party. *Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004). Because these factors are disjunctive, "[a] sufficient finding against the movant on any one factor negates good cause." *FOC Fin. Ltd. P'ship v. Nat'l City Commercial Capital Corp.*, 612 F. Supp. 2d 1080, 1082 (D. Ariz. 2009).

## III. Discussion

Defendants did not engage in culpable conduct leading to the default. A defendant's conduct is "culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with devious, deliberate, willful, or bad faith failure to respond." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Nothing about Defendants' failure to timely answer suggests they acted willfully or in bad faith.

After Defendants were served, they tendered the claim to their insurance carrier, Farmers Insurance. On March 5, 2018, counsel for Farmers Insurance contacted Plaintiff to request two days to determine whether it would accept Defendants' tender. Plaintiff rejected this request. On March 7, 2018, Farmers Insurance assigned Defendants counsel. The next day, Defendants' counsel notified Plaintiff's counsel of their retention

1 and requested the entry of default be set aside. Plaintiff rejected this request, as well. Defendants have not indicated what coverage issue existed, why it took two days to resolve or why an answer could not have been filed before the coverage issue was decided. Although the Court has not found that Defendants engaged in culpable conduct, their failure to file a timely answer knowing that Plaintiff was poised to seek a default judgment if they did not, is curious.

Nevertheless, Defendants have not shown good cause for setting aside the default because they fail to offer a meritorious defense. "All that is necessary to satisfy the 'meritorious defense' [factor] is to allege facts that, if true, would constitute a defense." *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1095 (9th Cir. 2010). Plaintiff brings a quiet title action, which seeks to determine whether Defendants actually have an interest in the real property that is adverse to its own. A.R.S. § 12-1101. Defendants offer a series of potential defenses, all but one of which relate to potential claims against the SBA and have no bearing on the quiet title action that Plaintiff has brought. The only defense offered that relates to the quiet title action is that "discovery *could show* that [Defendants] ha[ve] other rights to the Property, for example, if Plaintiff failed to properly perfect its lien." (Doc. 28 at 6.) But Defendants articulate no facts that, if true, would show that Plaintiff failed to do so. Although the burden to demonstrate a meritorious defense is "not extraordinarily heavy," Defendants cannot meet this burden with rank speculation. *TCI Grp.*, 244 F.3d at 700. In the absence of a reasonable, articulable basis for believing that Plaintiff failed to perfect its lien or that they have other rights to the property, Defendants have not met their minimal burden.

Because Defendants fail to offer a meritorious defense, the Court "need not consider . . . whether [P]laintiff would suffer prejudice if the [default] were set aside." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Accordingly,

//
//
//

1   **IT IS ORDERED** that Plaintiff's motion to expedite (Doc. 30) is **GRANTED** and
2   Defendants' motion to set aside the default (Doc. 23) is **DENIED**.
3   Dated this 27th day of April, 2018.

_____
Douglas L. Rayes
United States District Judge