**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sales Force Won! Limited, | No. CV-17-04730-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Teixidor Enterprises Incorporated, Capital Core Investments LLC, Eduardo Teixidor, Marta Teixidor, and Wells Fargo Bank National Association, | |
| Defendants. | |

Plaintiff Sales Force Won! Limited moves for entry of default judgment against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), and Teixidor Enterprises, Inc., dba La Patisserie Bakery, Capital Core Investments, LLC, Eduardo Teixidor, and Marta Teixidor ("Texidor Defendants") pursuant to Federal Rule of Civil Procedure 55(b). (Doc. 20.) For reasons stated below, Plaintiff's motion is granted.

**I. Background**

On November 13, 2017, Plaintiff filed a complaint against Defendants in Maricopa County Superior Court, seeking to quiet title against Defendants and the Small Business Administration (the "SBA") to property Plaintiff acquired at a judicial sale conducted by the Maricopa County Sheriff's Office in 2016. (Doc. 1-1.) Defendant SBA removed the case to federal court on December 21, 2017. (Doc. 1.) Subsequently, all defendants were properly served.

On February 20, 2018, Plaintiff resolved its claim against the SBA and stipulated to its dismissal from this action. (Doc. 12.) The remaining defendants, however, failed to answer or otherwise defend within the time prescribed by the Federal Rules of Civil Procedure. Plaintiff applied for entry of default on March 6, 2018, and the Clerk entered default against Defendants the following day. (Docs. 15, 18.) On March 13, 2018, Plaintiff filed the instant motion for entry of default judgment against Defendants. (Doc. 20.)

Also on March 13, 2018, the Texidor Defendants moved to set aside the entry of default. (Doc. 23.) On April 31, 2018, the Court denied the Texidor Defendants' motion. (Doc. 31.)

**II. Default Judgment Standard**

After default is entered by the clerk, the district court may enter default judgment pursuant to Rule 55(b). The court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Although the court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The following factors may be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the court accepts as true the complaint's well-pled factual allegations, but the plaintiff must establish all damages sought in the complaint. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

**A. Possible Prejudice to Plaintiff**

The first *Eitel* factor weighs in favor of default judgment. Wells Fargo failed to

respond to the complaint or otherwise appear in this action despite being served with the complaint, the application for default, and the motion for default judgment. Similarly, the Texidor Defendants failed to answer the complaint or respond to the motion for default judgment. Although the Texidor Defendants moved to set aside the entry of default, the motion was not well-taken. If default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Given that Plaintiff's efforts to sell the property have been frustrated by the clouded title, the prejudice to Plaintiff is readily apparent and supports the entry of default judgment.

### B. Merits of the Claims and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment where, as in this case, the complaint sufficiently states plausible claims to relief under the pleading standards of Rule 8. *See id.* at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). A review of the complaint's well-pled allegations shows that Plaintiff has stated a plausible claim to relief against Defendants. Moreover, in denying the Texidor Defendants' motion to set aside the entry of default, the Court determined that they had offered no meritorious defenses.

### C. Amount of Money at Stake

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. Here, this factor favors default judgment because Plaintiff does not seek any monetary damages. *See PepsiCo*, 238 F. Supp. 2d at 1176.

### D. Possible Dispute Concerning Material Facts

Given the sufficiency of the complaint, Defendants' default, and the Texidor Defendants' failure to articulate any plausible defense, "no genuine dispute of material facts would preclude granting Plaintiff's motion." *Id.* at 1177.

### E. Whether Default Was Due to Excusable Neglect

Defendants were properly served with process in this matter and copies of the

application for default and the present motion for default judgment. (Doc. 20 at 5.) It therefore is unlikely that Wells Fargo's default was a result of excusable neglect. *See Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D. Ariz. Jan. 3, 2008). Although in denying the Texidor Defendants' motion to set aside the default, the Court found their default was not the result of culpable conduct, the Court also noted that the Texidor Defendants offered no clear explanation for why an answer or a motion for extension of time to file an answer could not have been timely filed, especially knowing that Plaintiff was poised to seek a default judgment. On balance, this *Eitel* factor favors default judgment.

### F. Policy Favoring a Decision on the Merits

The last factor always weighs against default judgment given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The mere existence of Rule 55(b), however, "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Indeed, Defendants' failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. Moreover, the Texidor Defendants were unable to articulate any meritorious defense in their motion to set aside the default. Because Plaintiff has asserted plausible claims to relief to which Defendants have failed to respond, the policy encouraging decisions on the merits does not weigh against the granting of default judgment in this case.

### III. Conclusion

Having reviewed the record and considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment against Defendants is appropriate under Rule 55(b).

**IT IS ORDERED** that Plaintiff's application for default judgment (Doc. 20) is **GRANTED**. The Court quiets title to Plaintiff and extinguishes any alleged right, title, claim, and interest in and to the following real property described below by any Defendants:

> Lots 10, 12, 14 and 16, Block K, UNIVERSITY ADDITION, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded as Book 1 of Maps, Page 7, and which is more commonly known as 1329, 1325, 1321, and 1317 West McKinley Street, Phoenix, Arizona 85007 (the "Property").

Defendants have no estate, right, claim, or interest whatsoever in or to the Property, or in or to any part of the Property, and that Plaintiff owns fee simple interest in the Property. Defendants and any person claiming interests through Defendants are forever permanently enjoined and barred from asserting any estate, right, claim, or interest whatsoever in or to the Property, or any part of it, adverse to Plaintiff or its successors.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(b), the Clerk of Court shall enter judgment in accordance with this order and terminate this case.

Dated this 10th day of May, 2018.

_____
Douglas L. Rayes
United States District Judge